UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

**PROPHET PAULCIN DC#W11537,**

        Plaintiff,

v.                                           Case No. 3:12cv526-J-TJC/TEM

**KENNETH TUCKER, ET AL.,**

        Defendants.
_____/

**DEFENDANTS' MOTION FOR RECONSIDERATION
OF COURT'S JULY 30, 2014 SANCTIONS ORDER
AND RESPONSE TO MOTION FOR DEFAULT JUDGMENT**

Defendants, **MICHAEL D. CREWS**,[1] in his official capacity as Secretary of the Florida Department of Corrections, and **J. M. MANUCY, M. HARDEN, DR. J. AVILES, E. JACKSON, LT. COLTON LEE, MILTON BRINSON,**[2] **R. METZ, SHAWN SWAIN,** and **B.V.REDDISH,** in their

---

[1] Defendant Crews is the current Secretary of the Florida Department of Corrections, effective December 17, 2012. Defendant Crews is not named in the Third Amended Complaint or in any of the previously filed complaints. Defendant Crews was not the Secretary when the complaint was filed in May 2012. Plaintiff names Kenneth Tucker as a defendant, presumably in both his official and individual capacities as plaintiff seeks both damages and injunctive relief. Service on defendant Crews is therefore only in his official capacity and defendant Crews is substituted for former Secretary Kenneth S. Tucker in that capacity only pursuant to Federal Rule of Civil Procedure 25(d).

[2] Defendant Brinson's name is erroneously listed in the Court docket as Brinfor; however, a thorough reading of plaintiff's complaints clearly show that the defendant's name is Milton Brinson.

1

individual capacities, through counsel, move for reconsideration of the sanctions order and respond to the motion for default judgment. In support, defendants submit the following:

1.   Undersigned counsel is the counsel who entered an appearance for the majority of the defendants in this action on May 3, 2013, requesting an extension of time of 45 days to answer the third amended complaint because additional service of process remained to be executed on several defendants. [Doc. 61]

2.   The Court granted the extension through July 12, 2013. [Doc. 62]

3.   Shortly after requesting the extension, undersigned counsel determined that the case must be transferred to other counsel within the Corrections Litigation Bureau because undersigned counsel is lead counsel in a case in the Southern District of Florida, United States v. Crews, Case No. 1:12cv22958, and that case was set for a preliminary injunction hearing the week of June 3, 2013.  Since the hearing and preparation of post-hearing proposed findings of fact and conclusions of law would be time-consuming, counsel gave instructions to staff for the case to be reassigned.

4.   After the reassignment, the counsel to which it was reassigned resigned in order to take a position in another state agency.  Following the preliminary injunction hearing in early June, undersigned counsel as Chief of the Corrections Litigation

Bureau, reassigned the caseload of the departing attorney but it appears that this case was never placed in the reassigned attorney's name. Because this case did not appear in the departing attorney's case list, replacement counsel was not designated.

5. Undersigned counsel is co-counsel in numerous cases in the bureau. Counsel believed that this case had been reassigned and was being appropriately handled with the Bureau, which has nearly 2000 active cases. Counsel receives hundreds of emails a week, including many electronic court notices in both state and federal court for cases in which she is lead and in which she may be co-counsel. Due to the sheer volume of emails, counsel is not always review each and every electronic court notice received in cases in which she is not lead counsel, although she makes a good faith effort to do so. The July 23 electronic notice was just reviewed by counsel, because it referenced default in the notice. That led counsel to the July 30 sanctions order.

6. Undersigned counsel is embarrassed both personally and professionally by the mishandling of this case. It is most assuredly not the policy or practice of the Office of the Attorney General to ignore court orders or case responsibilities. Neither is it the policy or practice of undersigned counsel to ignore court orders or case responsibilities. Most assuredly the Court is justified in entering sanctions order to protect the integrity of the judicial process. However, if sanctions must be imposed here,

they must be imposed on undersigned counsel as it is her failure to assure the proper reassignment of the case and her oversight in not diligently reviewing electronic notices that led to the non-responsiveness in this case. Accordingly, undersigned counsel respectfully requests that the order imposing sanctions against the Attorney General be vacated and that it be entered against undersigned counsel personally. Undersigned counsel humbly apologizes to the Court and accepts responsibility for her failure to properly handle this matter.

7. Additionally, undersigned counsel immediately is reporting the sanctions order to the Associate Deputy Attorney General for the General Civil Division for any further action deemed appropriate.

8. With regard to the motion for default judgment, undersigned is preparing an answer to be immediately filed this date on behalf of defendants. Defendants should not be punished with a default for the failure of counsel to respond due to inadvertent mistake. Under Federal Rule of Civil Procedure 55(c), "[t]he court may set aside an entry of default for good cause, and it may set aside a default judgment under Rule 60(b)." The Eleventh Circuit has noted that "defaults are seen with disfavor because of the strong policy of determining cases on their merits." Fla. Physician's Ins. Co. v. Ehlers, 8 F.3d 780, 783 (11th Cir.1993). In determining whether to set aside a Clerk's entry of

4

default, courts generally consider the following factors: (1) whether the default is culpable or willful; (2) whether setting aside the default would prejudice the adversary; and (3) whether the defaulting party presents a meritorious defense. <u>Compania Interamericana Export-Import, S.A. v. Compania Dominicana de Aviacion</u>, 88 F.3d 948, 951 (11th Cir.1996). Additional factors include: (4) whether the public interest is implicated; (5) whether the defaulting party will experience significant financial loss; and (6) whether the defaulting party acted promptly to correct the default. <u>See Global Aerospace, Inc. v. Platinum Jet Mgmt., LLC</u>, No. 09-cv-60756, 2010 U.S. Dist. LEXIS 12700, at *10 (S.D.Fla. Jan. 28, 2010). These factors are not "talismanic"; the Eleventh Circuit frequently reiterates that these factors should be seen simply as "a means of identifying circumstances which warrant the finding of 'good cause' to set aside a default." <u>Id.</u> (quoting <u>Matter ofDie rschke</u>, 975 F.2d 181, 184 (5th Cir.1992)). "The Court is vested with considerable discretion in ruling on a motion to set aside an entry of default." <u>In re Fortner</u>, No. 12-60478, 2012 WL 3613879, at *7 (S.D.Fla. Aug.21, 2012) (citing Robinson v. U.S., 734 F.2d 735, 739 (11th Cir.1984)). Because of the strong policy of determining cases on their merits, the Eleventh Circuit has held defaults unfavorable. <u>See</u> <u>Florida Physicians Ins. Co. v. Ehlers</u>, 8 F.3d 780, 783 (11th Cir.1993). As a result, in order to obtain relief under Rule 55(c), the movant only must make a bare minimum

showing to support its claim for relief. Fortner, 2012 WL 3613879, at *7 (citing Jones v. Harrell, 858 F.2d 667, 669 (11th Cir.1988)).

9. Here the individual defendants acted promptly to obtain representation. The failure to respond was not due to the fault of defendants, it was not willful, but was due to a oversight in the administrative handling of the case for reassignment, a mistake attributable to undersigned counsel and not the defendants themselves.

Wherefore, for the foregoing reasons, undersigned counsel respectfully requests that the order imposing sanctions against Attorney General Bondi be vacated and reentered against undersigned counsel. Defendants additionally request that default not be entered against them, as they promptly acted to obtain representation and an answer will be promptly filed this date.

    Respectfully submitted,

    **PAMELA JO BONDI**
    **ATTORNEY GENERAL**

    /s/ Susan A. Maher
    **SUSAN A. MAHER**
    **CHIEF ASSISTANT ATTORNEY GENERAL**
    **CORRECTIONS LITIGATION**
    FLORIDA BAR NO. 0438359
    Office of the Attorney General
    The Capitol, PL-01
    Tallahassee, Florida 32399-1050
    Telephone: (850) 414-3300
    Facsimile: (850) 488-4872
    Email: susan.maher@myfloridalegal.com

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and correct copy of the foregoing has been furnished by U. S. Mail to **PROPHET PAULCIN DC#W11537**, Union Correctional Institution, 7819 N.W. 228th Street, Raiford, Florida 32026-4000, on this __31st__ day of July, 2014.

/s/ Susan A. Maher
SUSAN A. MAHER